UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAMILO AGUIRRE,  )
          Petitioner,  )
                        )
                        )
v.                      )   Civil Action No. 05-10817-RCL
                        )
                        )
UNITED STATES OF AMERICA,  )
          Respondent.   )
                        )

PETITIONER'S REPLY TO THE GOVERNMENT'S OPPOSITION
TO CAMILO AGUIRRE'S SECTION 2255 MOTION

Come Now. Camilo Aguirre, the Petitioner, pro se, respectfully moves this Honorable Court, to grant issue thereof Petitioner's brief Under Title 28 U.S.C. §2255.

For the reasons to be set forth herewith, Petitioner prays that his petition is granted.

## ARGUMENT

The Government has filed a response to Petitioner's Motion Under Title 28 U.S.C. §2255. The response attacks the conclusion of Mr. Aguirre that he Sixth Amemdment Right were violated due to his defense counsel's lack of efficiency, since the breach of agreement by the government was not noted by the defense counsel either in the District Court or the Court of Appeals, and that his Sixth Amendment Right to trial by jury was violated when the District Court enhanced his sentence based on a quantity of drug different from the one established in the agreement with the District Attorneys Office, and based on §3B1.1(c) of the U.S.S.G., contrary to the recent Supreme Court opinion in Blakely v. Washington, and the subsequent decision in Booker and Fanfan.

As per Petitioner's request base on his defense counsel lack of efficiency because he did not noted to the District Court Judge the fact that the amount of drugs estipulated in the plea agreement was 5 to 15 kilograms rather than 18.2, this is supported by the Government own submission, by the PSI, by th District Court Judge, as well the defense counsel. These facts are undisputable. Thus, Aguirre rests on his brief. **See Plea Hearing at page No. 13; See Plea Hearing at Page No. 2. (Appendix A); See Plea Agreement at Page No. 2.**

As per Petitioner's request base on Apprendi, Blakely, Booker, and Fanfan, the Government is arguing two alternative theories in their response in an attempt to pursue the court not to grant Mr. Aguirre request. Is this Government's contention that has prompted Aguirre to reply to the Government's response brief in opposition to Aguirre's Petition.

2

## STATEMENT OF FACT
## INDICTMENT No. 1:00-10224-001 RCL

On September 20, 2000, a Federal Grand Jury sitting in Boston returned a superceding indictment charging Camilo Aguirre with one count of conspiracy to possess with intent to distribute a quantity of cocaine in violation of 21 U.S.C. §846. Count two through sixteen and nineteen, charged him with possession with intent to distribute and distribution of a quantity of cocaine in violation of 21 U.S.C. §841(a)(1). He was also charged with aiding and abetting the distribution alleged in Counts Five, Twelve, Thirteen, Fifteen an Nineteen, in violation of 18 U.S.C. §2.

Camilo Aguirre, on January 24, 2002, appeared with counsel before the Honorable Reginal C. Lindsay, in the United States District Court, District of Massachusetts, and, pursuant to a plea agreement with the United States Attorney's office, entered a guilty plea as to all counts in which he was charged.

## THE PLEA AGREEMENT

The Plea Agreement states in relevant part:

"The parties agree to take the position that the total quantity of cocaine atributable to the Defendant is between five and fifteen kilograms. Accordingly, the parties agree that the Defendant's base offense level is 32, pursuant to U.S.S.G. §§2D1.1(c)(4)."

"The U.S. Attorney will take the position, pursuant to U.S.S.G. §3B1.1(c), that a two level upward adjustment is warranted for the Defendant's managerial role in the offense. The Defendant will take the position that no upward adjustment is warranted.

**See Plea Agreement at Page No. 2.  See Appendix A.**

## THE PLEA HEARING

At the plea hearing, the Petitioner raised a interesting point related to his plea agreement. Mr. Gillespie, Petitioner's counsel, made the court aware of the substance of the plea agreement related to the quantity of drug involved in the conspiracy or the quantity of drug that Petitioner plead guilty to.

> "He raises an interesting point, Your Honor. We have agreed that the quantity is between 5 kilograms and 15 kilograms."

**See Plea Hearing at Page. No. 13.**

The following excerpt of the Plea Hearing Transcript, better illustrates petitioner's assertation here, related to the quantity of drug involved in his plea agreement.

MR. GILLESPIE: He raises an interesting point, Your Honor. We have agreed that the quantity is between 5 kilograms and 15 kilograms.

THE COURT: Yes.

MR. GILLESPIE: My understanding all along, I think it's still correct, is that he is free--we are free to dispute any quantity within that range as the final quantity found by the Court. We just simple agree that it's in that range, but we don't agree where--for example, if the Court finds that it's 5 kilograms, 400 grams, 5.4 kilograms, we could agree or disagree with that. If the Court finds that it's 500 grams, we could not disagree with that. We could not appeal that decision.

THE COURT: Let me understand what you are saying. You understand that if I--you agree that the quantity of cocaine involved in this case is between 5 and 15.

4

MR. GILLESPIE: Right, that it's at least five but it's no more than 15 kilograms.

THE COURT: Okay.

MR. GILLESPIE: Any place in between is subject to disagreement.

THE COURT: So if I find that it's 7.5 --

MR. GILLESPIE: We can disagree with that.

THE COURT: You think it's 3, you have a right to appeal?

MR. GILLESPIE: Well, I don't think I would have the right to appeal --

THE COURT: You can certainly argue anything to me in that range, I understand. The question is if I find that it's 15, and you say it's 5.

MR. GILLESPIE: Right.

THE COURT: Do you believe you have a right to appeal under those circumstances?

MR. GILLESPIE: Yes, I do.

THE COURT: Is that what you understand? I am finding within the range, now.

MR. GILLESPIE: Right.

THE COURT: This is your agreement, not mine. So this is why I urge people not to do this because who

knows what they understood this agreement to mean.

MR. HAMILTON: Your Honor, if I may, Your Honor, I think Your Honor chose a number which may have confused me. If Your Honor found it was 14, which is considerably within the range, and the defendant said it's 7 --

THE COURT: Right.

MR. HAMILTON: I, frankly, I don't know what there would be to appeal, because Your Honor's sense then would be based on a range of 5 to 15, regardless of where within that range it falls and, therefore, the sentence would not necessarily be affected by where you would fall into that range. I don't know that there would be a right to appeal.

THE COURT: I don't -- I am not sure how the guidelines would affect that, but if I found -- I am not sure what 15 --

MR. HAMILTON: Only because I never -- just because it's right there, because the question is if it's -- I always have to look at the guidelines to see is it 15 or less or is it 14.999999 grams. It's within the range.

THE COURT: All right. Your point, if I understand it, is that there may not be a reason to appeal if it is between that range. The question is whether there is a reason or not, may he appeal? Because there

may not be a reason, because within that range, nothing -- the sentence is unaffected. The question is do you have the right to appeal.

MR. GILLESPIE: I believe that our intention is to reserve that right, certainly. We agree it's someplace between 5 and 15, but we don't agree exactly where at this point, and it remains to be seen what the exact government position will be at sentencing, what probation will recommend and what Your Honor will find. If in fact it does make a difference in the sentence, then certainly we would want to exercise our right to appeal, even though it's within 5 to 15.

THE COURT: Well, my job is not to interpret this agreement today.

MR. GILLESPIE: Right.

THE COURT: I just want your client to understand that this is the kind of thing that happens when you have -- when you waive your right to appeal. You may disagree with this agreement. You may be wrong. In other words, you may, Mr. Aguirre, your attorney's interpretation, I am not saying it is, but his interpretation of this agreement concerning your waiver of the right to appeal may be wrong. He may have done it in good faith, he may just be wrong, and you may not have the right to appeal as he, Mr. Gillespie, believes you do.

But if he is wrong and you have waived your right to appeal, you don't have a right to appeal; do you understand me? Which is why I urge people not to do this, but you have a right to do it. You can do it if you like.

MR. GILLESPIE: Well, Your Honor, I mean maybe we do not have a meeting of the minds after all, the plea agreement is a type of contract, basically.

THE COURT: It is a contract, but, you know, if this plea is subject to this contract, you are bound by it.

MR. GILLESPIE: I understand that. This is why I would suggest that maybe it would be useful to get the government's position on what I have just said. I mean I believe we agreed --

THE COURT: I think I understand the government's position. You tell me if I am wrong, just so you hear me say what I think the government said and if the government -- if I say it incorrectly, then Mr. Hamilton will correct me.

If the sentence -- if I -- if I impose a sentence based upon a quantity of cocaine between 5 and 15 grams, anywhere within that range, you do not have a right to appeal. You have a right to appeal if I make a finding outside that range, but within that range, you do not have a right to appeal. So that, for example, if I find it's

14 kilograms, and you say it's 7, I think that was your example, Mr. Hamilton, you do not have a right to appeal, because it's within a range of between 5 and 15. Have I said that correctly?

MR. HAMILTON: I think that is correct, Your Honor.

If I could put it another way, which I think makes it -- yours is entirely clear but another way of saying it occurred while I was listening to Your Honor, and that is that Your Honor might make a sort of intermediate finding that you believe the quantity that is established by the evidence is 14 kilograms.

But ultimately, when it comes to setting forth the record for the sentence to impose, it's not unlikely that you would therefore say, "And therefore I agree with probation, and I agree with the parties, that the quantity of cocaine is between 5 and 15 kilograms."

That is what the parties agreed, and if you then imposed sentence based on that, you then reach a level computation based on that, that is what the parties agreed, and since that is what the parties agree, you would be imposing a sentence in that respect, at least based on what the parties agreed. Therefore, there would be nothing to appeal on that aspect of the sentence.

THE COURT: Do you understand that,

9

Mr. Gillespie?

MR. GILLESPIE: Yes.

THE COURT: Mr. Aguirre, do you understand what Mr. Hamilton has said?

THE DEFENDANT: Yes.

MR. GILLESPIE: It just strikes me, Your Honor, there is another way of looking at it, and it will probably solve the situation. We all agree that he should be at base level 32. Base level 32 is between 5 kilograms and 15 kilograms.

THE COURT: Right.

MR. GILLESPIE: So the quantity probably is within that range irrelevant.

THE COURT: Well, that was a very early point that I was asking you about, Mr. Hamilton, it may not matter whether it's 7 or 14.

MR. GILLESPIE: Right because it only has reference to the base offense level.

THE COURT: Those quantities are only relevant to the extent that they drive what -- the offense level, so that when I said earlier you may not -- you may disagree, but you have no cause to appeal, that may mean that it doesn't matter.

MR. GILLESPIE: Right, right.

THE COURT: Within that range.

BY THE COURT:

Q. Okay. Now, have you heard all of this discussion, Mr. Aguirre?

A. Yes, Your Honor.

Q. Do you understand what we have been talking about?

A. Yes, sir.

Q. I heard the answer. Sorry. That is what happens when you know a little Spanish. So have you understood, you have understood what we have been talking about?

A. Yes, sir.

Q. Based on that understanding, are you satisfied to waive your right to appeal in this agreement?

A. Yes, sir.

See Plea Hearing Transcript. Page No. 13-20.

## SENTENCING HEARING

At sentencing, adopting the PSR recommendation, the Court found that the quantity of drug atributable to Petitioner was the amount of 18.2 kilograms of cocaine, rather than 5 to 15 as it was stipulated in the plea agreement. This finding increase Petitioner's base offense level from 32 - which was the base offense level that the parties agreed - to level 34. The government did not recommended affirmatively the agreed upon sentence. The government did not take any adversary position to the District Court finding.

The Court also determined that Petitioner was a leader of the illicit drug activities described in the indictment. Thus, the Court enhanced Petitioner's guideline range by two additional levels under §3B1.1(c).

> "I think that while there's some ambiguity in certain of these conversations and contacts, that there is sufficient evidence for me to find that the defendant was a supervisor,..."

Tr. 25, add., 18.

The Petitioner contends here that the government, by adopting a silent position and not affirmatively recommending the agreed upon sentence when the Court adopted the recommendation of the PSR, increasing the Petitioner sentence from level 32 to level 34, based on the quantity of drug involved in the conspiracy, the government breached the plea agreement. Moreover, the Court committed plain error by not imposing the bargained sentence. Rule 11(e)(1)(C).

Petitioner's Sixth Amendment right to trial by jury was also violated when the Court enhanced his sentence based on §3B1.1(c) of the U.S.S.G., and based on a quantity of drug different from the one stipulated in the plea agreement. This in violation of the principles enunciated by the Supreme Court in <u>Blakely vs. Washington</u>, and the subsequent decisions in <u>Booker</u> and <u>Fanfan</u>, And Apprendi. (ABBF).

13

It is now clear that the rule set forth in the "ABBF" line of cases is confined to defining what the "Statutory Maximum Penalty" is as first prescribed by the High Court in <u>Apprendi v. New Jersey</u>, supra. The <u>Blakely</u> Court defined the "Statutory Maximum Penalty" as the "Guideline Statutory Base Offense Level."

It is longstanding precedent in all of the Courts, that a defendant in the guilty plea context, even if admitting elements/factors not in the Indictment, (as here <u>sub judice</u>), can not be found by the Court/Trier/Fact to have committed those additional acts and be punished for them absent a juries determination beyond a reasonable doubt.

Here the court violated the dictates of <u>In Re Winship</u>, 397 U.S. 358 n.5 (1970) and <u>Sullivan v. Louisiana</u>, 508 U.S. 275, 113 S. Ct. 2078, 124 L. Ed.2d 182 (1972). In <u>Winship</u> the Court held that a man could not be found guilty and punished by a standard of proof applicable in a Civil Case. (preponderance of evidence standard). In <u>Sullivan v. Louisiana</u>, the Court held that a "Court cannot supplant it's determination as to what the Jury would have found." Based on the above two-holdings, this Court's determinations and the Guidelines were Constitutional defective even before the "ABBF" line of cases.

In <u>United States v. Thomas</u>, 274 F. 3d 655 (2nd cir. 2001) the Court held that to charge a Defendant with violations of 21 U.S.C. § 841, without reference to drug type or quantity in the indictment, the Court would have to engage in "Construtive Amendment of the indictment." See also  United States v. Manuel Gonzalez, **Docket No. 03-1356.** Second Circuit, August, 22, 2005.

Here, the Petitioner's "substantial Rights" were adversely affected by the inconsistency in the crime charged and those found by the Court that increase the base offense level using a standard of proof applicable in a Civil Case.[1] See **In Re Winship**, supra.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Here, Counsel was ineffective in failing to file a Notice of Appeal with respect to the above issues under Winship. Every attoreny could have challenged the Court's Jurisdiction to impose the enhancements listed above based on In Re Winship, just as Apprendi's counsel did. Thus, every lawyer that failed to render to his client representation equal to that of Apprendi or Blakely is ineffective pursuant to Strickland v. Washington, 466 U.S. 688 (1984). Here in light of Winship, whether or not the High Court makes "**ABBF**" retroactive does not matter. The question for this Court should be: Did Apprendi and Blakely get relief from their sentence? if the answer to that question is "yes", then so Camilo Aguirre.

---

1. Justice Stevens declared: "Accordingly, we reaffirm our holding in Apprendi: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." This statement in Justice Stevens Opinion was unchallenged in Justice Breyer's opinion which converted the Guidelines as as advisory guidelines. The conclusory statement by Justice Stevens, does by inference, andress and hold that a judge-found fact, without a jury finding or an admission by the defendant can not be used to increase the sentence.

CONCLUSION

For the reasons stated above, this Honorable Court should grant Mr. Aguirre's petition, and reduce his sentence under the Supreme Court authorities in <u>Apprendi</u>, <u>Blakely</u>, <u>Booker</u>, and <u>Fanfan</u>.

CAMILO AGUIRRE
Reg. No. 23174-038 A/A
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432

Dated:   September 26, 2005
Lisbon, Ohio

CERTIFICATE OF SERVICE

I, Camilo Aguirre, the Petitioner, pro se, swear under the penalty of perjury pursuant to 28 U.S.C. §1746, that I have forwarded the original and 3 copies of Petitioner's Motion in reply to the government's response to Petitioner's Motion under Title 28 U.S.C. §2255. A additional copy is also being forwarded to the opposing party.

> MAILED TO:  Clerk of the Court
> United States District Court
> For the District of Massachusetts
> I Courthouse Way Room 2300
> Boston, MA 02210
>
> PATRICT M. HAMILTON
> Assistant U.S. Attorney
> U.S. Attorney's Office
> John Joseph Moakley
> United States Courthouse
> 1 Courthouse Way, Suite 9200
> Boston, MA 02210

Camilo Aguirre
Reg. No. 23174-038 A/B
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432

Dated: September 26, 2005
Lisbon, Ohio