IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAMILO AGUIRRE, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 05-10817-RCL |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MOTION FOR INCLUSION OF ADDITIONAL CASE

**Comes Now,** Petitioner, acting pro se in the above referenced case, and moves this Court for permission to include an additional case. Specifically the United States Supreme Court decision in Cunningham v. California, Docket No. 05-6551.

In Cunningham, the Supreme Court affirmatively answered the question of whether the DSL, by placing sentence-elevating factfinding within the judge's province, violates a defendant's right to trial by jury safeguarded by the Sixth and Fourteenth Amendments.

Petitioner filed his Motion under 28 U.S.C. §2255 which is now pending before this Court. One of the topics of Petitioner's motion under 28 U.S.C. §2255 is the illegal judicial decision made during sentencing without the imput of jury, specifically the judicial determination that Aguirre's sentence should have been enhanced based on facts no admitted by Aguirre. Petitioner was sentenced in this Court under the Federal Sentencing Guidelines.

1

Thus, the Supreme Court authority in <u>Cunningham v. California</u>, Docket No. 05-6551,

> "This Court has repeatedly held that, under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence **must** be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence. While this rule is rooted in longstanding common-law practice, its explicit statement in our decisions is recent. In <u>Jones v. United States</u>, 526 U.S. 227 (1999), we examined the Sixth Amendment's historical and doctrinal foundations, and recognized that judicial factfinding operating to increase a defendant's otherwise maximum punishment posed a grave constitutional question. **Id.**, at 239-252. While the Court construed the statute at issue to avoid the question, the <u>Jones</u> opinion presaged our decision, some 15 months later, in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000)."
>
> ***
>
> "The reasonableness requirement <u>Booker</u> anticipated for the federal system operate **within** the Sixth Amendment constraints delineated in our precedent, not as a substitute for those constraints. [ ] <u>Booker</u>'s remedy for the Federal Guidelines, in short, is not a recipe for rendering our Sixth Amendment case law toothless."

is applicable to Petitioner's case.

This case is connected to Petitioner's petition under §2255 and was not included and argued in the brief given it was not decided. Therefore, this case sought in this motion to be included, should be included.

Petitioner, therefore, respectfully requests that this Court consider the <u>Cunningham</u> holding when considering his motion under Section 2255.

                              Respectfully submitted,

                              CAMILO AGUIRRE

## Certificate of Service

I, Camilo Aguirre, Petitioner pro se, hereby swear under the penalty of perjury pursuant to 28 U.S.C. §1746 that I have forwarded to the Clerk of the Court the original and two copies of Petitioner's motion for inclusion of additional case. An additional copy has been also forwarded to the opposing party. Each being forwarded to the following address via U.S. Postal Service and with First-Class postage affixed:

Clerk of the Court
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

United States Attorney's Office
District of Massachusetts
John J. Moakley Courthouse, Suite 9200
I Courthouse Way
Boston, MA 02210

Att: Patrick M. Hamilton

Camilo Aguirre
Reg. No. 23174-038 A/A
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432

Dated: February 8, 2007
Lisbon, Ohio