UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
CAMILO AGUIRRE,                     )
            Petitioner,             )
                                    )      CIVIL ACTION NO.
      v.                            )      05-10817-RCL
                                    )
UNITED STATES OF AMERICA,           )
            Respondent.             )
_____)

MEMORANDUM AND ORDER ON MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE

LINDSAY, District Judge.

Before the court is a petition of Camilo Aguirre, filed pursuant to 28 U.S.C. §2255, by which the petitioner challenges the sentence imposed on him in this court in 2002. The sentence in question was imposed as a consequence of the petitioner's plea of guilty to the offenses of conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 846, and possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). The petitioner was sentenced under the then applicable Sentencing Guidelines to a term of imprisonment of 135 months, with five years of supervised release to follow the period of incarceration.

The petitioner advances two arguments in support of his petition. First, he asserts that his counsel was ineffective, and that the petitioner consequently suffered a violation of his Sixth Amendment right to counsel. Second, the petitioner argues that his right to a trial by jury was violated when his sentence was increased beyond the 120-month mandatory minimum as a result

of findings I made regarding the quantity of cocaine involved in the offenses of conviction and the petitioner's role in those offenses.

The claim of ineffective assistance is based on the petitioner's contention that his counsel failed to object to what the petitioner alleges was a breach by the government of its plea agreement with the petitioner. In the plea agreement, the government agreed with the petitioner that the total quantity of cocaine attributable to the petitioner was between five and fifteen kilograms, and that the petitioner's base offense level under the relevant Sentencing Guidelines was 32. The government also noted in the plea agreement that it would take the position that a two-level upward adjustment in the base offense level was warranted because of the petitioner's managerial role in the offense. As for its sentencing recommendation, the government agreed with the petitioner that, subject to the application of any applicable mandatory minimum term of imprisonment, the government would recommend a term of imprisonment at the low end of the Guidelines range "as determined by the Court at the time of sentencing [.]"

At sentencing, I found, by a preponderance of the evidence, that the petitioner was responsible for a quantity of cocaine greater than fifteen kilograms - - that he was in fact responsible for 18.2 kilograms. I also determined that petitioner should receive a two-level upward adjustment to his base offense level because of his supervisory role in the offenses of conviction. I based those decisions on information provided to me in the presentence report. My findings resulted in the ultimate determination of a total offense level of 33, and a Guidelines range for a term of imprisonment of 135-168 months. The government, in its sentencing recommendation, pointed out to me that it had made a good faith estimate of drug quantity of five to fifteen kilograms when it negotiated the plea agreement with the petitioner, and that it was

bound by that estimate. Accordingly, the government recommended a term of imprisonment of 120 months. As noted above, however, I sentenced the petitioner to a term of imprisonment of 135 months, the low end of the Guidelines range that I determined to be appropriate.

The government's recommendation of a term of imprisonment of 120 months not only was consistent with the government's plea agreement, but was more generous than the government was required to be. As noted earlier, the government obligated itself in the plea agreement only to recommend a prison sentence at the low end of the Guidelines range *as determined by the court.* That means that the government would have been fully compliant with the plea agreement had it recommended a term of imprisonment of 135 months. The petitioner, therefore, is factually and legally in error when he asserts that the government breached the plea agreement. Because there was no breach of the plea agreement, there is no merit to the petitioner's claim that his counsel was ineffective by failing to object to a breach.

The petitioner's second claim is that the Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); and *United States v. Booker*, 543 U.S. 220 (2005), prohibit sentences that include enhancements based on facts determined by the court. Of these three cases, *Booker* is the one that most directly addresses the petitioner's claim in connection with sentencing procedure I followed in imposing the sentence now challenged by the petitioner. At the time the petitioner was sentenced, the Sentencing Guidelines were mandatory, in that the sentencing judge was required to apply the Guidelines range found appropriate, absent a finding of grounds for a departure established in the Guidelines themselves. Judges, acting without a jury, were permitted to make, and did make, findings that affected the ultimate sentence, so long as those findings did not enhance the sentence beyond the

statutory maximum for the offense in question. The holding in *Booker*, in essence, was that, in a regime in which the Sentencing Guidelines are mandatory, it is a violation of the Sixth Amendment for a judge, rather than a jury, to make findings that enhance a sentence, even if the ultimate sentence did not exceed the statutory maximum for the offense involved. *Booker*, 543 U.S. at 244. The Court then was faced with the question of devising a remedy for sentencing procedures it had found to violate the Constitution. Striking, among other things, the provision of the Sentencing Reform Act that required that judges sentence in accordance with the Guidelines, the Court, preserved the practice of judge-made determinations of sentencing enhancements by requiring that the Guidelines be treated merely as advisory. *Booker*, 543 U.S. at 259; *Cirilo-Muñoz v. United States*, 404 F.3d 527, 532-33 (1st Cir. 2005).

By its terms, *Booker* applied -- both with respect to the determination of a constitutional violation and with respect to the Court's remedial interpretation of the Sentencing Reform Act -- only to cases then on direct review. *Booker*, 543 U.S. at 268. The question then arose as to the effect of *Booker* on sentences imposed before the decision in the case was rendered. The First Circuit in *Cirilo-Muñoz* answered the question by holding that the change in federal sentencing law wrought by *Booker* was not to be applied retroactively. *Cirilo-Muñoz*, 404 F.3d at 533. Thus, convictions that became final before *Booker* was decided ordinarily would not be reopened.

The petitioner's direct appeal of his judgment of conviction was affirmed by a judgment of the Court of Appeals for the First Circuit dated March 10, 2004. That judgment was followed by a mandate entered on March 26, 2004. A judgment of conviction becomes final ninety days after the Court of Appeals enters judgment, unless before that time, a writ of certiorari is sought from the Supreme Court of the United States. *See Clay v. United States*, 537 U.S. 522, 525 (2003);

Rules of the Supreme Court of the United States 13(1).  The petitioner here sought no writ of certiorari.  Therefore, the petitioner's conviction became final on June 24, 2004, at the latest, long before *Booker* was decided.  The petitioner thus has no claim for a resentencing based on *Booker*.

For the foregoing reasons, the petitioner's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, is DENIED.

SO ORDERED

/s/Reginald C. Lindsay<br>United States District Judge

DATED: May 31, 2007