UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAMILO AGUIRRE,)
)
Petitioner,)
)
-against-) Civil Action No. 05-10817-RCL
)
UNITED STATES OF AMERICA,)
)
Respondent.)
)

---

**PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY**
**RULES OF APPELLATE PROCEDURE, RULE 22(b)**
**1st. Cir. R. 22.1(a).**

---

Now Comes, the Petitioner Camilo Aguirre, <u>pro se</u>, and requests from this Honorable Court to issue a Certificate of Appealability. The reasons are set forth in the attached Memorandum of Law.

---

1

**MEMORANDUM OF LAW**

This Court has denied Camilo Aguirre's motion to vacate, set aside, or correct sentence which was brought pursuant to 28 U.S.C. §2255. Aguirre now file a request for a certificate of appealability.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R.A.App.P. 22(b). To receive a certificate of appealability, "a petitioner must show that reasonable jurist could debate whether (or, for what matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(internal quotes and citations omitted).

In the instant case, Petitioner claims that his defense counsel was ineffective for failing to object to the breach by the government of its plea agreement with the Petitioner. The government agreed in the plea agreement with the Petitioner, that the total quantity of cocaine attributable to the Petitioner was between five and fifteen kilograms, and that the petitioner's base offense level under the relevant Sentencing Guidelines was 32. The government also noted in the plea agreement that it would take the position that a two-level upward adjustment in the base offense level was warranted because the Petitioner's managerial role in the offense.

2

As for its sentencing recommendation, the government agreed with the Petitioner that, subject to the application of any applicable mandatory minimum term of imprisonment, the government would recommend a term of imprisonment at the low end of the Guidelines range "as determined by the Court. The Court accepted the plea agreement in a open-court hearing. However, at sentencing, the Court found by a preponderance of evidence, that the Petitioner was responsible for a quantity of cocaine greater than fifteen kilograms. The Court based it decision on information provided by the presentence report. The Court then sentence the Petitioner based on a base offense level of 33 rather than 31 as stipulated in the plea agreement. Guideline range 135-168 rather than 97-108 months.

The Court denied now Petitioner's motion under 28 U.S.C. §2255 stating that its made the appropriate determination sentencing the Petitioner and that the government did not breached the plea agreement. The Court is incorrect for the following reasons.

After multiple plea offer by the government to Aguirre and after extensive discussions with his lawyer related to the drug quantity, Aguirre, finally, was convinced to enter into a plea agreement with the government in which the government, in exchange for his guilty plea, agreed that the quantity of cocaine attributable to Aguirre was between five and fifteen kilograms, and that the Petitioner's base offense level was 32. See Santobello v. New York, 404 U.S. 257 (1971). See also United States v. Saxena, 229 F.3d 1, 6-8 (1st. Cir. 2000); United States v. Kurkculer, 918 F2d, 302 (1st. Cir. 1990). Aguirre waived his constitutional rights to have a jury to hear his case no in exchange for the actual sentence, but for the prosecutor's statements in court, among other, that the amount of drugs was between five and fifteen kilograms.

3

A sentence will be reversed where the district court fails to impose the bargained - for sentence under Rule 11(e)(1)(C). See United States v. Gilchrist, 130 F.3d 1131 (3rd. Cir. 1997).

Second, because counsel is entitled to exercise professional judgment, Aguirre must show that an attack on his sentencing enhancement based on the quantity of drug in the offense, on the District Court or on direct appeal, "was so obvious and promising that no competent lawyer could have failed to pursue it." Arroyo v. United States, 195 F.3d 54, 55 (1st Cir. 1999). Aguirre asserts here that this test is met in his case. The enhancement had a dramatic effect on Aguirre's sentence. Thus, the defense counsel by failing to advance a legal argument indicating the breach of the plea agreement is manifestly unreasonable under an objective standard, given the strengths of the argument, the opportunity to make the argument in the District Court or the Court of Appeals, and the stakes for the defendant.

And third, but for counsel's unprofessional errors, the result... would have been different. Epson v. Hall, 330 F.3d 49, 53 (1st Cir. 2003) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052). The thinness of the evidence to support the enhancement, or because the record nor the Court's findings support the Court's conclusion that the amount of cocaine attributable to Aguirre was fifteen or more, Aguirre's sentence would had been different if his counsel pressed the argument in the district court or the court of appeals.

Thus, this Court should conclude that reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issue presented is adequate to deserve encouragement to proceed further and he has satisfied the standard for the issuance of a certificate of appealability.

4

## CONCLUSION

**Therefore,** Petitioner prays that this Court grant his petition.

CAMILO AGUIRRE
Reg. No. 23174-038
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432

Dated: September 30, 2007
Lisbon, Ohio

## CERTIFICATE OF SERVICE

I, Camilo Aguirre, pro se, swear under the penalty of perjury pursuant to 28 U.S.C. §1746, that I have forwarded the original and three copies of Petitioner's motion for a certificate of appealability. A additional copy is also being forwarded to the opposing party, via U.S. Postal Service with firs class postage affixed.

MAILED TO:   Clerk of the Court
             United States District Court
             For the District of Massachusetts
             I Courthouse Way, Room 2300
             Boston, Ma 02210

             Patrick M. Hamilton
             AUSA
             United States Courthouse
             I Courthouse Way, Suite 9200
             Boston, MA 02210

                                              CAMILO AGUIRRE
                                              Reg. No. 23174-038 A/A
                                              F.C.I. Elkton
                                              P.O. Box 10
                                              Lisbon, OH 44432

September 30, 2007
Lisbon, Ohio

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAMILO AGUIRRE,<br>　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　　Respondent. | CIVIL ACTION NO.<br>05-10817-RCL |

## MEMORANDUM AND ORDER ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

LINDSAY, District Judge.

Before the court is a petition of Camilo Aguirre, filed pursuant to 28 U.S.C. §2255, by which the petitioner challenges the sentence imposed on him in this court in 2002. The sentence in question was imposed as a consequence of the petitioner's plea of guilty to the offenses of conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 846, and possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). The petitioner was sentenced under the then applicable Sentencing Guidelines to a term of imprisonment of 135 months, with five years of supervised release to follow the period of incarceration.

The petitioner advances two arguments in support of his petition. First, he asserts that his counsel was ineffective, and that the petitioner consequently suffered a violation of his Sixth Amendment right to counsel. Second, the petitioner argues that his right to a trial by jury was violated when his sentence was increased beyond the 120-month mandatory minimum as a result

of findings I made regarding the quantity of cocaine involved in the offenses of conviction and the petitioner's role in those offenses.

The claim of ineffective assistance is based on the petitioner's contention that his counsel failed to object to what the petitioner alleges was a breach by the government of its plea agreement with the petitioner. In the plea agreement, the government agreed with the petitioner that the total quantity of cocaine attributable to the petitioner was between five and fifteen kilograms, and that the petitioner's base offense level under the relevant Sentencing Guidelines was 32. The government also noted in the plea agreement that it would take the position that a two-level upward adjustment in the base offense level was warranted because of the petitioner's managerial role in the offense. As for its sentencing recommendation, the government agreed with the petitioner that, subject to the application of any applicable mandatory minimum term of imprisonment, the government would recommend a term of imprisonment at the low end of the Guidelines range "as determined by the Court at the time of sentencing [.]"

At sentencing, I found, by a preponderance of the evidence, that the petitioner was responsible for a quantity of cocaine greater than fifteen kilograms - - that he was in fact responsible for 18.2 kilograms. I also determined that petitioner should receive a two-level upward adjustment to his base offense level because of his supervisory role in the offenses of conviction. I based those decisions on information provided to me in the presentence report. My findings resulted in the ultimate determination of a total offense level of 33, and a Guidelines range for a term of imprisonment of 135-168 months. The government, in its sentencing recommendation, pointed out to me that it had made a good faith estimate of drug quantity of five to fifteen kilograms when it negotiated the plea agreement with the petitioner, and that it was

2

bound by that estimate. Accordingly, the government recommended a term of imprisonment of 120 months. As noted above, however, I sentenced the petitioner to a term of imprisonment of 135 months, the low end of the Guidelines range that I determined to be appropriate.

The government's recommendation of a term of imprisonment of 120 months not only was consistent with the government's plea agreement, but was more generous than the government was required to be. As noted earlier, the government obligated itself in the plea agreement only to recommend a prison sentence at the low end of the Guidelines range *as determined by the court.* That means that the government would have been fully compliant with the plea agreement had it recommended a term of imprisonment of 135 months. The petitioner, therefore, is factually and legally in error when he asserts that the government breached the plea agreement. Because there was no breach of the plea agreement, there is no merit to the petitioner's claim that his counsel was ineffective by failing to object to a breach.

The petitioner's second claim is that the Supreme Court decisions in *Apprendi v. New Jersey,* 530 U.S. 466 (2000); *Blakely v. Washington,* 542 U.S. 296 (2004); and *United States v. Booker,* 543 U.S. 220 (2005), prohibit sentences that include enhancements based on facts determined by the court. Of these three cases, *Booker* is the one that most directly addresses the petitioner's claim in connection with sentencing procedure I followed in imposing the sentence now challenged by the petitioner. At the time the petitioner was sentenced, the Sentencing Guidelines were mandatory, in that the sentencing judge was required to apply the Guidelines range found appropriate, absent a finding of grounds for a departure established in the Guidelines themselves. Judges, acting without a jury, were permitted to make, and did make, findings that affected the ultimate sentence, so long as those findings did not enhance the sentence beyond the

3

statutory maximum for the offense in question. The holding in *Booker*, in essence, was that, in a regime in which the Sentencing Guidelines are mandatory, it is a violation of the Sixth Amendment for a judge, rather than a jury, to make findings that enhance a sentence, even if the ultimate sentence did not exceed the statutory maximum for the offense involved. *Booker*, 543 U.S. at 244. The Court then was faced with the question of devising a remedy for sentencing procedures it had found to violate the Constitution. Striking, among other things, the provision of the Sentencing Reform Act that required that judges sentence in accordance with the Guidelines, the Court, preserved the practice of judge-made determinations of sentencing enhancements by requiring that the Guidelines be treated merely as advisory. *Booker*, 543 U.S. at 259; *Cirilo-Muñoz v. United States*, 404 F.3d 527, 532-33 (1st Cir. 2005).

By its terms, *Booker* applied -- both with respect to the determination of a constitutional violation and with respect to the Court's remedial interpretation of the Sentencing Reform Act -- only to cases then on direct review. *Booker*, 543 U.S. at 268. The question then arose as to the effect of *Booker* on sentences imposed before the decision in the case was rendered. The First Circuit in *Cirilo-Muñoz* answered the question by holding that the change in federal sentencing law wrought by *Booker* was not to be applied retroactively. *Cirilo-Muñoz*, 404 F.3d at 533. Thus, convictions that became final before *Booker* was decided ordinarily would not be reopened.

The petitioner's direct appeal of his judgment of conviction was affirmed by a judgment of the Court of Appeals for the First Circuit dated March 10, 2004. That judgment was followed by a mandate entered on March 26, 2004. A judgment of conviction becomes final ninety days after the Court of Appeals enters judgment, unless before that time, a writ of certiorari is sought from the Supreme Court of the United States. *See Clay v. United States*, 537 U.S. 522, 525 (2003);

4

Rules of the Supreme Court of the United States 13(1). The petitioner here sought no writ of certiorari. Therefore, the petitioner's conviction became final on June 24, 2004, at the latest, long before *Booker* was decided. The petitioner thus has no claim for a resentencing based on *Booker*.

For the foregoing reasons, the petitioner's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, is DENIED.

SO ORDERED

/s/Reginald C. Lindsay
United States District Judge

DATED: May 31, 2007